UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TONY RAY LEWIS, JR.,

    Petitioner,

vs.

TIM VIRGA, Warden,

    Respondent.
                                 /

No. C 10-4649 PJH (PR)

**ORDER OF DISMISSAL**

       This is a habeas case filed pro se by a state prisoner. The court noted in its initial review order: "Petitioner alleges in the petition that although he appealed his conviction, the issues he presents here are not those that were raised on direct appeal. He also has checked the 'no' box to the question in the form petition whether he has 'previously filed any petitions, application or motions with respect to this conviction in any court, state or federal,' and says that he does not now have any postconviction actions pending. In short, he has not pleaded exhaustion, but rather the absence of it." The petition was dismissed with leave to amend to allege exhaustion.

       Petitioner raised four issues in the amended petition and again stated that they are not those he raised on direct appeal. He again wrote "N/A" in response to questions about whether he has sought relief in "any proceeding other than an appeal." The court pointed out that this meant he still had not alleged exhaustion, and that exhaustion of claims not raised on direct appeal is usually accomplished by way of state petitions for habeas corpus. The court also noted that in response to an instruction that says "[i]f any of these grounds [claims for relief in this court] was not previously presented to any other court, state briefly which grounds were not presented and why," he wrote "N/A," suggesting that he *had*

presented his claims in state court, contradicting the other answers. The court ordered him to show cause why the case should not be dismissed for failure to exhaust. He was told to "file a paper saying how he presented the four issues in the amended complaint to the state courts, including the California Supreme Court."

In response, petitioner filed a document captioned "Motion to Show Cause/Exhaustion." He says it "is to show exhaustion in the C[alifornia] S[upreme] C[ourt]. See attached docket sheet." The docket sheet attached shows a denial of a petition for review on January 14, 2004. This was the denial of his petition for review of the court of appeal decision on direct appeal, not a habeas petition. Given that he says that the issues presented here are not those raised on direct appeal, the filing thus does not show exhaustion.[1]

It is a habeas petitioner's burden to plead exhaustion. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has had three shots at pleading exhaustion, and still has not done so. The court can only conclude that he has not in fact exhausted. The petition will be dismissed for failure to exhaust.

## CONCLUSION

1. Petitioner's third motion for leave to proceed in forma pauperis (document number 14) is **DENIED** as moot, leave having been granted on July 5, 2011.

2. Petitioner's "Motion to Show Cause/Exhaustion" (document number 16) is not a motion, but rather his attempt to show how he exhausted his claims. As a motion, it provides no basis for an order to show cause and thus is **DENIED**.

3. The petition is **DISMISSED** for failure to exhaust.

4. Because reasonable jurists would not find this result debatable or wrong, a certificate of appealability "COA") is **DENIED**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of

---

[1] The court of appeal's opinion in this case did not address the issues petitioner presented here, which suggests he is correct when he says that his issues were not raised on direct apeal.

2

the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2012.

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

G:\PRO-SE\PJH\HC.10\LEWIS4649.DSM-exh.wpd